**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4907**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JAVAR MINOTT, a/k/a Jay Mentos,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cr-00224-RJC-DSC-1)

Submitted: July 24, 2014              Decided: July 28, 2014

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tony E. Rollman, Enka, North Carolina, for Appellant. William A. Brafford, Steven R. Kaufman, Assistant United States Attorneys, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javar Minott pled guilty, pursuant to a written plea agreement, to conspiracy to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2012), conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h)(2012), and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Minott to one hundred and eighty months of imprisonment. On appeal, Minott's counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but raising whether Minott received ineffective assistance of counsel because counsel allegedly did not adequately explain the plea agreement or accurately predict Minott's final sentence. Minott did not file a pro se supplemental brief and the Government declined to file a reply brief. We affirm.

Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant must ordinarily bring his claims in a 28 U.S.C. § 2255 (2012) motion. King, 119 F.3d at 295. However, we may entertain such claims on direct

2

appeal if "it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). See generally Strickland v. Washington, 466 U.S. 668, 687 (1984) (setting forth standard). Because neither of Minott's alleged ineffective assistance of counsel claims conclusively appears on the record, we decline to address them in this appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Minott, in writing, of the right to petition the Supreme Court of the United States for further review. If Minott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Minott. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED